```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    NORTHERN DIVISION
```

**VICENTE MONTAGUE-GRIFFITH,**     :

    Petitioner,               :

vs.                               :

                                  CIVIL ACTION No. 07-00315-CG-B

                                  :

**DAVID O. STREIFF,** *et al.,*

                                  :

    Respondents.

                                  :

## REPORT AND RECOMMENDATION

Vicente Montague-Griffith, a native of Panama, filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging his continued detention by the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). Following a careful review of the record, it is recommended that the instant petition be dismissed as moot because Montague-Griffith is no longer in ICE custody, having been repatriated to his native country on October 19, 2007.

**I.   FINDINGS OF FACT**

1.   Montague-Griffith acknowledges that he is a native and citizen of Panama, that he entered the United States on March 30, 1983, as a lawful permanent resident, and that an Immigration Judge ordered him removed from the United States on December 11, 2001. (Doc. 1). According to Montague-Griffith's petition, removal

proceedings were initiated against him after he was convicted of various offenses in February 1993.[1] Montague-Griffith did not appeal his final order of removal. (Id.)

2.   Petitioner previously filed a habeas corpus petition in the United States District Court for the Western District of New York. On August 27, 2002, that Court ordered a stay of the removal order, and the matter was then transferred to the Court of Appeals for the Second Circuit. (Doc. 1, p. 4; Doc. 17, p. 6-8). As a result of the stay, all efforts to repatriate Petitioner were halted. Montague-Griffith's appeal was dismissed on November 6, 2006, and the mandate of the Court of Appeals was issued on January 12, 2007. (Doc. 17, p. 7-8). Thereafter, ICE officials reinstated efforts to remove Petitioner from the United States.

3.   On May 8, 2007, Montague-Griffith filed the instant petition for writ of habeas corpus.  Montague-Griffith argues that his continued detention by ICE violates the provisions of 8 U.S.C. 1231(a)(6) as interpreted by the United States Supreme Court in

---

[1] According to Respondents, Petitioner was initially imprisoned in 1993 as a result of being convicted of multiple aggravated felonies, specifically cocaine trafficking, after which he was detained by the Immigration and Naturalization Serve ("INS") as a criminal alien pending his possible repatriation to Panama. (Doc. 17, Ex. A, p. 2-3). In 2000, while Montague-Griffith's immigration status was being determined following his criminal convictions, he was released on bond.  While out on bond, Petitioner was arrested for additional drug offenses. Shortly thereafter, Petitioner was again arrested, and he pleaded guilty to criminal possession of a controlled substance and was sentenced to 1 year in jail in 2001. (Id.) On October 26, 2001, a Warrant for Arrest of Alien was issued, and removal proceedings were begun.  (Id.)

2

Zavydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001). (Doc. 1, p. 5-6). Petitioner does not contest the order of removal, but instead seeks immediate release from custody and an order enjoining Respondents from any further unlawful detention of his person. (Id. at 8). According to Montague-Griffith, he has cooperated fully with ICE; however, the Government has been unable to remove him to Panama.

4.   In their initial Answer and Response, Respondents argued that Montague-Griffith's detention was lawful because: (1) Petitioner's own uncooperative and obstructionist actions prevented his removal, thereby tolling the presumptively reasonable detention period discussed in Zavydas; (2) six (6) months have not elapsed between the mandate of the Court of Appeals for the Second Circuit and the filing of the present petition; (3) Petitioner has failed to carry his burden of showing no significant likelihood of removal in the reasonably foreseeable future; and (4) Petitioner is considered an aggravated felon due to his illicit drug convictions, and is thus subject to the continued detention. (Doc. 17).  On November 1, 2007, Respondents filed a Notice of Petitioner's Repatriation, wherein they advised that Montague-Griffith was removed from the United States and repatriated to his native country on October 19, 2007.[2] (Doc. 19).

---

[2] Respondents indicate that Montague-Griffith was deported to Panama via an American Airlines flight originating from Miami, Florida on October 19, 2007. (Doc. 19, Exs. 2 & 3).

**II.    CONCLUSIONS OF LAW**

1.    "In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. § 2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal." He v. Gonzales, 2006 WL 1687796, *1 (W.D. La. 2006).  Where, as here, a § 2241 petitioner has been released from federal custody and repatriated to his native country, thereby garnering the relief sought in filing his habeas corpus petition, the issue becomes whether there is any longer a live case or controversy or, instead, if the petition has become moot. See id.

2.    The Eleventh Circuit has observed that "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'" Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted); See also Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001) (same).  Moreover, "[t]he doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" Soliman, 296 F.3d at 1242.  Put another way, "a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  Therefore, "[i]f

events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."  In fact, "dismissal is required because mootness is jurisdictional." Id. (internal citations omitted).

3.   Several district courts have determined that once an alien § 2241 petitioner has been removed from the United States and deported to his native country, his petition seeking release from detention and ICE custody becomes moot as "there is no longer a live case or controversy as required under Art. 3, § 2, cl. 1." Gauchier v. Davis, 2002 WL 975434, *2 (E.D. La. 2002); see Camara v. INS, 2007 U.S. Dist. LEXIS 2465 (S.D. Ala.); Xing Hai Liu v. Ashcroft, 218 F.Supp.2d 1 (D. Me. 2002) (petition for writ of habeas corpus dismissed as moot because petitioner had been returned to China); Malainak v. Immigration & Naturalization Service, 2002 WL 220061 (N.D. Tex. 2002)(§ 2241 petition dismissed as moot because petitioner was removed to his native country of Thailand).

4.   Much like the above-styled cases, this case has become moot. This Court can no longer grant Petitioner the relief requested in his petition, namely his immediate release from ICE's custody pending his removal to Panama, because that relief has already been afforded him. (See Doc. 19).  Because there is nothing to remedy even if this Court were disposed to do so, Montague-Griffith's

events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."  In fact, "dismissal is required because mootness is jurisdictional." Id. (internal citations omitted).

3.   Several district courts have determined that once an alien § 2241 petitioner has been removed from the United States and deported to his native country, his petition seeking release from detention and ICE custody becomes moot as "there is no longer a live case or controversy as required under Art. 3, § 2, cl. 1." Gauchier v. Davis, 2002 WL 975434, *2 (E.D. La. 2002); see Camara v. INS, 2007 U.S. Dist. LEXIS 2465 (S.D. Ala.); Xing Hai Liu v. Ashcroft, 218 F.Supp.2d 1 (D. Me. 2002) (petition for writ of habeas corpus dismissed as moot because petitioner had been returned to China); Malainak v. Immigration & Naturalization Service, 2002 WL 220061 (N.D. Tex. 2002)(§ 2241 petition dismissed as moot because petitioner was removed to his native country of Thailand).

4.   Much like the above-styled cases, this case has become moot. This Court can no longer grant Petitioner the relief requested in his petition, namely his immediate release from ICE's custody pending his removal to Panama, because that relief has already been afforded him. (See Doc. 19).  Because there is nothing to remedy even if this Court were disposed to do so, Montague-Griffith's

petition for habeas corpus relief is now moot and should thus be dismissed without prejudice. <u>Soliman</u>, supra, 296 F.3d at 1243, quoting <u>Spencer v. Kemna</u>, 523 U.S. 1, 18, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998).

### III. CONCLUSION

The undersigned Magistrate Judge recommends that Montague-Griffith's petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 be **DISMISSED** as moot.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **27th** day of **November, 2007**.

                                                                        /s/ SONJA F. BIVINS
                                                   **UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.   **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                    /s/ SONJA F. BIVINS
                             **UNITED STATES MAGISTRATE JUDGE**